ACCEPTED
01-15-00394-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
10/14/2015 9:09:34 PM
CHRISTOPHER PRINE
CLERK

No. 01-15-00394-CR

IN THE COURT OF APPEALS
FOR THE
FIRST SUPREME JUDICIAL DISTRICT
AT HOUSTON

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
10/14/2015 9:09:34 PM
CHRISTOPHER A. PRINE
Clerk

| | | |
|---|---|---|
| HECTOR MARIO GONZAEZ | § | APPELLANT |
| V. | § | |
| STATE OF TEXAS | § | APPELLEE |

On appeal in Cause No. 1397723  from the 174TH  District Court of Harris County

BRIEF OF APPELLANT

J. Sidney Crowley
214 Morton St.
Richmond, Tx. 77469
(281) 232-8332
TBC No. 05170200

Attorney for Appellant

## INTERESTED PARTIES

<u>TRIAL JUDGE</u>
Honorable Ruben Guerrero
174th District Court

<u>APPELLANT</u>
Hector Mario Gonzalez
Texas Department of Criminal Justice
Correctional Division

<u>TRIAL COUNSEL</u>
R. P. Cornelius
2028 Buffalo Terrace
Houston, Texas 77019

<u>APPELLATE COUNSEL</u>
J. Sidney Crowley
214 Morton St.
Richmond, Texas 77469

Devon Anderson
District Attorney
Harris County

Adam Brodrick
Assistant District Attorney
Harris County

# TABLE OF CONTENTS

LIST OF INTERESTED PARTIES............................................................2

INDEX OF AUTHORITIES.................................................................4

STATEMENT OF THE CASE...............................................................5

POINTS  OF  ERROR........................................................................6

STATEMENT OF FACTS...................................................................7

SUMMARY OF THE ARGUMENT....................................................  10

POINT OF ERROR ONE
    The trial court reversibly erred when it completely failed to admonish
    Appellant on the range of punishment prior to accepting his plea of
    guilty...........................................................................................11

PRAYER FOR RELIEF.....................................................................13

CERTIFICATE OF COMPLIANCE.......................................................13

CERTIFICATE OF SERVICE..............................................................13

# INDEX OF AUTHORITIES

Statutes and Rules

TEX.CODE CRIM.PROC., art.26.13(a)..................................................................11

TEX.R. APP.PROC., Rule 44.2(b)......................................................................11

Cases

Aguirre-Mata v. State, 125 S.W.3d 473 (Tex.Crim.App. 2003)..............................11

## STATEMENT OF THE CASE

TO THE HONORABLE COURT OF APPEALS:

Appellant, charged by indictment with the felony offense of aggravated robbery, entered a plea of guilty to the jury, which assessed his punishment at confinement for 30 years in the Texas Department of Criminal Justice, Correctional Division.

## POINTS OF ERROR

## POINT OF ERROR ONE

The trial court reversibly erred when it completely failed to admonish Appellant on the range of punishment prior to accepting his plea of guilty.

## STATEMENT OF FACTS

Appellant was charged by indictment with the aggravated robbery of Eloy Canales. After being arraigned, Appellant entered a plea of guilty before the jury.

Eloy Canales testified that on August 11, 2013, he was at a car wash in Pasadena cleaning some containers (RR-4, p. 11). A truck drove to the bay where he was located and a young man, identified as Appellant, got out carrying a rifle (RR-4, p. 17). Appellant held the rifle to his chest and and told him not to turn around. Appellant took his wallet, which contained $50, and cell phone and threw the keys to Canales' truck into the street. Canales then went home and called the police (RR-4, p. 50).

Andrew Rohm, a Pasadena police officer, testified that he was dispatched to the car wash in reference to a robbery and met with Canales (RR-4, p. 28). He obtained a description of a blue Dodge truck driven by a Hispanic male and broadcast it over the police radio channel. After learning that a suspect had been apprehended, he transported Canales to a Denny's restaurant to identify the robber (RR-4, p. 36).

Enrique Castillo testified that on the same day he was in the parking lot of a Foodtown grocery store on Richey Rd. He was in his vehicle talking with a young woman who was in a separate car. A blue truck pulled up and blocked him in. A man, whom he identified as Appellant, exited the truck with a shotgun and cocked it (RR-4,

p. 47). Appellant demanded his wallet and cellphone. As Appellant drove away Castillo was able to record the license number of the truck (RR-4, p. 53).

Laurence Garza testified that he and his wife were grocery shopping at the Mi Tienda store on Spencer Highway. He had left the store and was walking to his truck As he began opening the driver's side door Appellant racked a long gun and placed it to his head (RR-4, p. 56), demanding his wallet and cellphone. When Gonzo's wife approached Appellant demanded her purse. Appellant took the items and drove away in a blue Dodge truck (RR-4, p.59).

Feliz Garza. Laurence's wife, testified that as she was walking to her truck with bags of groceries she saw someone holding a long object that resembled a cane. Her husband told her to give the man her purse, which she did. They then called police (RR-4, p. 79).

Pasadena police officer Jason Mitchell testified that he was on patrol when he received the description of the robber's truck. He began searching for it and located it within ten minutes (RR-4, p.89). He pulled in behind the truck and followed it, activating his emergency lights. Appellant began to flee and Mitchell chased him for several miles. Appellant lost control of the truck and crashed into a house. He was taken into custody and a shotgun, several wallets, cellphones and a purse were recovered (RR-4, p. 108).

Olga Rubalcava testified that on August 2, 2013, she had gone to a Fiesta store with her sister and daughter to buy fish (RR-5, p.5). As she was opening her car door a blue truck pulled up and blocked them in. Appellant exited the truck holding a rifle and asked for her purse. He took the purse and a cellphone and left (RR-5, p.12).

Appellant testified on his own behalf. He described his life growing up and numerous hardships he had encountered. He also testified that he had begun using drugs after beginning a relationship with a woman. He was in need of money when he committed the robberies with which he was charged.

## SUMMARY OF THE ARGUMENT

Point of Error One

The record is devoid of any indication that Appellant was admonished on the range of punishment prior to entering his plea of guilty.

.

The trial court reversibly erred when it completely failed to admonish Appellant on the range of punishment prior to accepting his plea of guilty.

Argument and Authorities

The trial record indicates that after being arraigned Appellant decided to plead guilty (RR-3). The court accepted his plea and a jury was then empaneled to assess punishment. There were no oral admonishments given as required by TEX.CODE CRIM.PROC. Art. 26.13(a). A search of the clerk's record does not reveal any written admonishments that Appellant signed. In fact, the record is completely devoid of any admonishments at all prior to Appellant's plea.

The trial court's error in failing to show on the record that it admonished a guilty pleading defendant on the range of punishment guilty is nonconstitutional error, subject to harm analysis under TEX.R.APP. PROC. Rule 44.2(b). Aguirre-Mata v. State, 125 S.W.3d 473 (Tex.Crim.App. 2003). The failure to show on the record that Appellant was admonished prior to his guilty plea is therefore error. Appellant would argue that such failure affected his substantial rights under Rule 44.2(b). The record, other than the jury charge on punishment, did not contain any references to the correct range of punishment ,unlike the situation in Aguirre-Mata, supra. In addition, Appellant's case was enhanced with a prior felony conviction, which elevated the possible range of

11

punishment. There is nothing to indicate that Appellant was aware of any of the possible ranges of punishment when he entered his plea. Point of Error One should be sustained.

PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant prays that the judgment

of the trial court be REVERSED and REMANDED for a new trial.

Respectfully submitted,


/s/ J. Sidney Crowley
J. SIDNEY CROWLEY
214 Morton St,
Richmond, Texas 77469
281-232-8332

TBC 05170200
Attorney for Appellant


CERTIFICATE OF COMPLIANCE

The foregoing document contains 2009 words computer generated,

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was delivered

by electronic service to the Harris County District Attorney's Office, this the 15th

day of October, 2015.



/s/ J. Sidney Crowley